# LEEDS BROWN LAW, P.C.

One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873-9550

*Attorneys at Law*

March 31, 2017

**VIA ECF**

Clerk of the Court
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:	D.B. v. Long Beach CSD, et al.
	Docket No.: 17 CV 01495 (LDW)(GRB)

	L.G. v. Long Beach CSD, et al.
	Docket No.: 17 CV 00453 (SJF)(AYS)

	G. v. Long Beach CSD, et al.
	Docket No.: 16 CV 01955 (SJF)(AYS)

	Weitzman v. Long Beach CSD, et al.
	Docket No.: 16 CV 3544 (SJF)(SIL)

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST TO DEEM FOUR CASES RELATED

We represent the plaintiffs, D.B., and her Mother and Natural Guardian, Shirlyn Summers ("Summers") (collectively "Plaintiffs"), in the matter of D.B. v. Long Beach CSD, Docket No.: 17 CV 01495 (LDW)(GRB). We write with respect to the request made by defendants, Long Beach City School District ("District"), Sabrina Cantore, Vincent Russo, Dr. Randie Berger, Dr. Michele Natali, and David Weiss (collectively "Defendants") to deem the above actions "related" pursuant to Local Civil Rule 50.1.3 of the United States District Courts for the Southern and Eastern Districts of New York.

Pursuant to Local Civil Rule ("Loc. Civ. R.") 50.3.1(d), counsel for Plaintiff, D.B. and Summers, and counsel for the requesting Defendants met and conferred with respect to this application. Although the parties agree that D.B. v. Long Beach CSD; L.G. v. Long Beach CSD and G. v. Long Beach CSD, are related, Plaintiffs oppose classification of Weitzman v. Long Beach CSD, et al. as "related."

Loc. Civ. R. 50.3.1(a) states that civil cases are related if:

> because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge

Loc. Civ. R. 50.3.1(a). A civil case "shall not be deemed 'related' to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Loc. Civ. R. 50.3(b); Molinari v. Bloomberg, 2008 U.S. Dist. LEXIS 101193, at *24, n 8 (E.D.N.Y. Dec. 15, 2008).

The Weitzman case should not be considered related to the other three cases because: (1) the legal issues raised in Weitzman (by a teacher) are not similar to those raised in D.B.; L.G. and G. (by disabled students); and (2) while there is some factual overlap, the quintessential facts and transactions in the Weitzman case are not the same as the pertinent transactions in the other three cases. Each is discussed below.

**1. The Legal Claims are Not Similar**

The legal issues presented in the matters of D.B.; L.G.; and G. are fundamentally at odds with the legal issues raised in Weitzman. The gravamen of Weitzman's complaint is retaliation under the American with Disabilities Act ("ADA"), the Rehabilitation Act, and New York State Human Rights Law ("NYSHRL"). Whereas, the infant plaintiffs are proceeding on *inter-alia* claims of negligent supervision, negligent retention, substantive due process, false imprisonment, equal protection, conspiracy and discrimination under the ADA. Moreover, since this matter has been removed from the state court, Plaintiffs have not yet decided whether they will seek to amend their complaint as a "matter of course," pursuant to Fed. R. Civ. P. 15(a)(1).

While Weitzman's complaint does assert that the District discriminated against her students by not providing benefits to her students in violation of Section 504 of the Rehabilitation Act and the ADA (42 U.S.C. § 12132), the burdens and elements of a retaliation claim are different. For example, a plaintiff may prevail on a claim for retaliation even when the underlying conduct she complained of was not in fact unlawful so long as she can establish that she possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated the law. Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002) (applying anti-retaliation provision of Americans with Disabilities Act, 42 U.S.C. § 12203 (a)). In sum, claims of retaliation by a teacher are legally inapposite to claims of abuse by disabled students. A final determination in favor of Weitzman will not necessarily affect the outcome of the infant plaintiffs' claims.

**2. The Pertinent Facts and Transactions are Not the Same**

While there is some factual overlap in all four matters, the factual inquiry and transactional occurrences in the Weitzman matter are distinct. The pertinent transactions in the Weitzman case are (a) the dates and manner by which Weitzman allegedly engaged in protected activity, and (b) whether and how the District retaliated against her based on that claimed protected activity. Those

transactions are distinguishable from the transactions on which the infant plaintiffs base their claims. Specifically, some of the transactions pertinent to Plaintiffs' claims are, *inter-alia,* (a) the dates, instances and caliber of the claimed abuses, (b) the extent of the District's knowledge, failure to train, correct and/or report the alleged abuses; and (c) whether there was a cover-up by the District based on the infants' membership in a protected class(es). Whether Weitzman complained to the District (or not) about "specials," is of little consequence, if any, in assessing whether the abuses occurred and District's had knowledge of same. In sum, while some of the events are peripherally related -- the facts, transactions and events which form the crux of the parties' respective claims are distinct and should the matters be deemed "related" and/or later joined for discovery, there is potential to confuse the issues.

In conclusion, we agree that <u>D.B. v. Long Beach CSD</u>; <u>L.G. v. Long Beach CSD</u> and <u>G. v. Long Beach CSD</u>, are related, but Plaintiff opposes classification of <u>Weitzman v. Long Beach CSD, et al.</u> as "related." The instant case is a question of what was done to D.B. -- not what was done to a special education teacher.

> Respectfully submitted,
> LEEDS BROWN LAW, P.C.
>
>
>                /s/
> Jonathan C. Messina

cc: All Counsel via ECF