UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHIRLYN SUMMERS, as Mother and Natural Guardian
of Infant, D.B. and SHIRLYN SUMMERS, Individually,       17 CV 1495 (SJF)(AYS)

                      Plaintiffs,           **ANSWER WITH**
                                    **JURY DEMAND**

     -against-

LONG BEACH CITY SCHOOL DISTRICT, a/k/a
LONG BEACH PUBLIC SCHOOLS, LISA WEITZMAN,
JEAN MARIE LILLEY, LAUREN SCHNEIDER,
SABRINA CANTORE, VINCENT RUSSO, DR. RANDIE
BERGER, DR. MICHELE NATALI, DAVID WEISS,
in their Individual and Official Capacities, and JOHN
AND JANE DOE'S 1-20, whose identities are unknown
at present,

                     Defendants.
------------------------------------------------------------------X

       Defendants, LONG BEACH PUBLIC SCHOOLS, SABRINA CANTORE, VINCENT

RUSSO, DR. RANDIE BERGER, DR. MICHELE NATALI and DAVID WEISS, ("answering

defendants") by their attorneys, SILVERMAN & ASSOCIATES, hereby answer Plaintiffs'

Complaint (the "Complaint") as follows:

**PRELIMINARY STATEMENT**

      1.      No response is required by paragraph "1" of the Complaint.

      2.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "2" of the Complaint.

      3.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "3" of the Complaint except admit that charges have been

preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-

a is currently ongoing.

      4.      Deny the allegations set forth in paragraph "4" of the Complaint except admit that

Plaintiffs purport to seek the relief stated therein.

## **PARTIES**

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that DB was enrolled as a student in Long Beach Middle School located at 239 Lido Boulevard, Lido Beach, New York 11561.[1]

10.      Paragraph "8" constitutes a legal conclusion to which no response is required.

11.      Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Long Beach Public Schools operates the Long Beach Middle School with its principal offices as 235 Lido Beach Boulevard, Lido Beach, New York.

12.      Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Weitzman is employed by the Long Beach School District as a special education teacher and is tenured.

13.      Deny the allegations set forth in paragraph "12" of the Complaint, except admit that defendant Lilley was an employee of the Long Beach Public Schools.

14.      Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Defendant Schneider was an employee of the Long Beach Public Schools.

---

[1]      While the paragraphs in Defendants' Answer are labeled sequentially, the paragraphs themselves reflect the numbering of the paragraphs in the Complaint.

15.     Deny the allegations set forth in paragraph "14" of the complaint except admit that Defendant Russo was the Coordinator of special education or an employee of defendant Long Beach Public Schools.

16.     Deny the allegations set forth in paragraph "15" of the Complaint, except admit that defendant, Sabrina Cantore ("Cantore") was the Executive Director of pupil personnel services or an employee of defendant Long Beach Public Schools.

17.     Deny the allegations set forth in paragraph "16" of the Complaint, except admit that defendant, Dr. Randie Berger ("Berger") was the Executive Director of Human Resources or an employee of defendant Long Beach Public Schools.

18.     Deny the allegations set forth in paragraph "17" of the Complaint, except admit that defendant, Dr. Michele Natali ("Natali") was the Principal of Long Beach Middle School or an employee of defendant Long Beach Public Schools.

19.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that defendant, David Weiss ("Weiss") was and is the Superintendent of Schools or an employee of defendant Long Beach Public Schools.

20.     Deny the allegations set forth in paragraph "19" of the Complaint.

21.     No response is required to paragraph "20" of the Complaint.

### FACTUAL ALLEGATIONS

22.     Defendants refer to their response to paragraph "7" above.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

24.     Deny the allegations set forth in paragraph "23" of the Complaint except admit that Plaintiff DB received special education services while enrolled at Long Beach Middle School.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "24" of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

28.     Admit the allegations set forth in paragraph "27" of the Complaint.

29.     Admit the allegations set forth in paragraph "28" of the Complaint.

30.     Deny the allegations set forth in paragraph "29" of the Complaint except admit that Schneider and Lilley were assigned as Teaching Assistants to Weitzman's class.

31.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

32.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

33.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

34.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-

a is currently ongoing.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

36.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

37.     Deny knowledge or information sufficient to state a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

38.      Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

40.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

42.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-

a is currently ongoing.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

44.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

45.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

48.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

49.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

50.     Deny knowledge of information sufficient to state a belief as to the truth of the

allegations set forth in paragraph "49" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

51.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

52.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

53.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

54.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

56.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-

a is currently ongoing.

57.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

58.     Deny the allegations set forth in paragraph "57" of the Complaint.

59.     Deny the allegations set forth in paragraph "58" of the Complaint.

60.     Deny the allegations set forth in paragraph "59" of the Complaint.

61.     Deny the allegations set forth in paragraph "60" of the Complaint.

62.     Deny the allegations set forth in paragraph "61" of the Complaint except admit that an investigation was conducted regarding Weitzman.

63.     Deny the allegations set forth in paragraph "62" of the Complaint in the form alleged.

64.     Deny the allegations set forth in paragraph "63" of the Complaint.

65.     Deny the allegations set forth in paragraph "64" of the Complaint.

66.     Deny the allegations set forth in paragraph "65" of the Complaint.

67.     Deny the allegations set forth in paragraph "66" of the Complaint.

68.     Deny the allegations set forth in paragraph "67" of the Complaint.

69.     Deny the allegations set forth in paragraph "68" of the Complaint.

70.     Deny the allegations set forth in paragraph "69" of the Complaint.

71.     Deny the allegations set forth in paragraph "70" of the Complaint.

72.     Deny the allegations set forth in paragraph "71" of the Complaint.

73.     Deny the allegations set forth in paragraph "72" of the Complaint.

74.     Deny the allegations set forth in paragraph "73" of the Complaint.

75.     Deny the allegations set forth in paragraph "74" of the Complaint.

76.     Deny the allegations set forth in paragraph "75" of the Complaint except admit that an anonymous letter was circulated in or around October 2015.

77.     Deny the allegations set forth in paragraph "76" of the Complaint except admit that the former President of the Long Beach City Teacher Associates wrote a letter on or around November 13, 2015.

78.     Defendants aver that the text of the letter speaks for itself and no response is required to paragraph "77" of the Complaint.

79.     Admit that the letter contains the text referenced in paragraph "78" of the Complaint but deny the truth of the statements set forth therein.

80.     Admit that the letter contains the text referenced in paragraph "79" of the Complaint but deny the truth of the statements set forth therein.

81.     Admit that the letter contains the text referenced in paragraph "80" of the complaint but deny the truth of the statements set forth therein.

82.     Admit that the letter contains the text referenced in paragraph "81" of the Complaint but deny the truth of the statements set forth therein.

83.     Deny the allegations set forth in paragraph "83" of the Complaint.[2]

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Complaint.

85.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "85" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

---

[2]     The Complaint does not contain a paragraph "82."

86.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "86" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

87.     Deny the allegations set forth in paragraph "87" of the Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Complaint except admit that the District has received FOIL requests for records related to the ongoing 3020-a hearing.

91.     Deny the allegations set forth in paragraph "91" of the Complaint except admit that a Petition to file a late Notice of Claim was filed on or about April 1, 2016.

92.     Admit that the petition was granted on or about July 26, 2016.

93.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "93" of the Complaint except admit that a document purporting to be a Notice of Claim was served upon the District.

94.     Admit that Plaintiff Summers appeared for an examination pursuant to Municipal Law 50-h on or about October 21, 2016.

95.      Admit that this matter has not been paid or adjusted.

**AS AND FOR PLAINTIFFS' FIRST CAUSE OF ACTION**

96.     Defendants refer to their responses to paragraphs "1" through "95" of the Complaint.

97.     Paragraph "97" of the Complaint constitutes a legal conclusion to which no response is required.

98.     Deny the allegations set forth in paragraph "98" of the Complaint and state that the

remaining allegations constitute a legal conclusion to which no response is required.

99.     Deny the allegations set forth in paragraph "99" of the Complaint.

100.    Deny the allegations set forth in paragraph "100" of the Complaint and state that the remaining allegations constitute a legal conclusion to which no response is required.

101.    Deny the allegations set forth in paragraph "101" of the Complaint.

## AS AND FOR PLAINTIFFS' SECOND CAUSE OF ACTION

102.    Defendants refer to paragraphs "1" through "101" of the Complaint.

103.    The allegations set forth in paragraph "103" of the Complaint constitute a legal conclusion to which no response is required.

104.    Admit the allegations set forth in paragraph "104" of the Complaint.

105.    The allegations set forth in paragraph "105" of the Complaint constitute a legal conclusion to which no response is required.

106.    Deny the allegations set forth in paragraph "106" of the Complaint.

107.    Deny the allegations set forth in paragraph "107" of the Complaint.

108.    Deny the allegations set forth in paragraph "108" of the Complaint.

109.    Deny the allegations set forth in paragraph "109" of the Complaint.

## AS AND FOR PLAINTIFFS' THIRD CAUSE OF ACTION

110.    Defendants refer to their responses to paragraphs "1" through "109" of the Complaint.

111.    Deny the allegations set forth in paragraph "111" of the Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Complaint.

114.    Deny the allegations set forth in paragraph "114" of the Complaint.

## AS AND FOR PLAINTIFFS' FOURTH CAUSE OF ACTION

115.    Defendants refer to their responses to paragraphs "1" through "114" of the Complaint.

116.    Deny the allegations set forth in paragraph "116" of the Complaint and state that the remaining allegations constitute a legal conclusion to which no response is required.

117.    Deny the allegations set forth in paragraph "117" of the Complaint.

## AS AND FOR PLAINTIFFS' FIFTH CAUSE OF ACTION

118.    Defendants refer to paragraphs "1" through "117" of the Complaint.

119.    Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "119" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

120.    Deny the allegations set forth in paragraph "120" of the Complaint.

121.    Deny the allegations set forth in paragraph "121" of the Complaint.

122.    Deny the allegations set forth in paragraph "122" of the Complaint.

123.    Deny the allegations set forth in paragraph "123" of the Complaint.

124.    Deny the allegations set forth in paragraph "124" of the Complaint.

## AS AND FOR PLAINTIFFS' SIXTH CAUSE OF ACTION

125.    Defendants refer to their responses to paragraphs "1" through "124" of the Complaint.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Complaint.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the Complaint.

128.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "128" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

129.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "129" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

130.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "130" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

131.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "131" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

132.     Deny the allegations set forth in paragraph "132" of the Complaint.

133.     Deny the allegations set forth in paragraph "133" of the Complaint.

134.     Deny the allegations set forth in paragraph "134" of the Complaint.

135.     Deny the allegations set forth in paragraph "135" of the Complaint.

136.     Defendants refer to paragraphs "1" through "136" of the Complaint.

137.     Deny the allegations set forth in paragraph "137" of the Complaint.

138.     Deny the allegations set forth in paragraph "138" of the Complaint.

## AS AND FOR PLAINTIFFS' SEVENTH CAUSE OF ACTION

139.   Defendants refer to their responses to paragraphs "1" through "138" of the Complaint.

140.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the Complaint.

141.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the Complaint.

142.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Complaint.

143.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Complaint.

144.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the Complaint.

145.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Complaint.

146.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the Complaint.

## AS AND FOR PLAINTIFFS' EIGHTH CAUSE OF ACTION

147.   Defendants refer to their responses to paragraphs "1" through "146" of the Complaint.

148.   Deny the allegations set forth in paragraph "148" of the Complaint.

149.   Deny the allegations set forth in paragraph "149" of the Complaint.

150.   Deny the allegations set forth in paragraph "150" of the Complaint.

151.   Deny the allegations set forth in paragraph "151" of the Complaint.

14

152.    Deny the allegations set forth in paragraph "152" of the Complaint.

153.    Deny the allegations set forth in paragraph "153" of the Complaint.

154.    Deny the allegations set forth in paragraph "154" of the Complaint.

155.    Deny the allegations set forth in paragraph "155" of the Complaint.

156.    Deny the allegations set forth in paragraph "156" of the Complaint.

157.    Deny the allegations set forth in paragraph "157" of the Complaint.

158.    Deny the allegations set forth in paragraph "158" of the Complaint.

## AS AND FOR PLAINTIFFS' NINTH CAUSE OF ACTION

159.    Defendants refer to their responses to paragraphs "1" through "158" of the Complaint.

160.    Paragraph "160" of the Complaint constitutes a legal conclusion to which no response is required.

161.    Paragraph "161" of the Complaint constitutes a legal conclusion to which no response is required.

162.    Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "162" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing

163.    Deny the allegations set forth in paragraph "163" of the Complaint.

164.    Deny the allegations set forth in paragraph "164" of the Complaint.

## AS AND FOR PLAINTIFFS' TENTH CAUSE OF ACTION

165.    Defendants refer to their responses to paragraphs "1" through "164" of the Complaint.

166.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "166" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

167.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Complaint.

168.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the Complaint.

169.     Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "169" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing.

170.     Deny the allegations set forth in paragraph "170" of the Complaint.

171.     Deny the allegations set forth in paragraph "171" of the Complaint.

## AS AND FOR PLAINTIFFS' ELEVENTH CAUSE OF ACTION

172.     Defendants refer to their responses to paragraphs "1" through "171" of the Complaint.

173.     Deny the allegations set forth in paragraph "173" of the Complaint.

174.     Deny the allegations set forth in paragraph "174" of the Complaint.

175.     Deny the allegations set forth in paragraph "175" of the Complaint.

176.     Deny the allegations set forth in paragraph "176" of the Complaint.

177.     Deny the allegations set forth in paragraph "177" of the Complaint.

## AS AND FOR PLAINTIFFS' TWELFTH CAUSE OF ACTION

178.    Defendants refer to their responses to paragraphs "1" through "177" of the Complaint.

179.    Paragraph "179" of the Complaint constitutes a legal conclusion to which no response is required.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the Complaint.

181.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the Complaint.

182.    Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "182" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing

183.    Deny knowledge of information sufficient to state a belief as to the truth of the allegations set forth in paragraph "183" of the Complaint except admit that charges have been preferred against defendant Weitzman and that a hearing pursuant to Education Law Section 3020-a is currently ongoing

184.    Deny the allegations set forth in paragraph "184" of the Complaint.

185.    Deny the allegations set forth in paragraph "185" of the Complaint.

186.    Deny the allegations set forth in paragraph "186" of the Complaint.

187.    Deny the allegations set forth in paragraph "187" of the Complaint.

188.    Deny the allegation set forth in paragraph "188" of the Complaint.

189.    Deny the allegations set forth in paragraph "189" of the Complaint.

190.    Deny the allegations set forth in paragraph "190" of the Complaint.

## AS AND FOR PLAINTIFFS' THIRTEENTH CAUSE OF ACTION

191.    Defendants refer to their responses to paragraphs "1" through "190" of the Complaint.

192.    Paragraph "192" of the Complaint constitutes a legal conclusion to which no response is required.

193.    Paragraph "193" of the Complaint constitutes a legal conclusion to which no response is required.

194.    Paragraph "194" of the Complaint constitutes a legal conclusion to which no response is required.

195.    Paragraph "195" of the Complaint constitutes a legal conclusion to which no response is required.

196.    Paragraph "196" of the Complaint constitutes a legal conclusion to which no response is required.

197.    Paragraph "197" of the Complaint constitutes a legal conclusion to which no response is required.

198.    Paragraph "198" of the Complaint constitutes a legal conclusion to which no response is required.

199.    Paragraph "199" of the Complaint constitutes a legal conclusion to which no response is required.

200.    Deny the allegations set forth in paragraph "200" of the Complaint.

201.    Deny the allegations set forth in paragraph "201" of the Complaint.

202.    Deny the allegations set forth in paragraph "202" of the Complaint.

203.    Deny the allegations set forth in paragraph "203" of the Complaint.

**AS AND FOR PLAINTIFFS' FOURTEENTH CAUSE OF ACTION**

204.     Defendants refer to their responses to paragraphs "1" through "203" of the Complaint.

205.     Paragraph "205" of the Complaint constitutes a legal conclusion to which no response is required.

206.     Deny the allegations set forth in paragraph "206" of the Complaint.

207.     Deny the allegations set forth in paragraph "207" of the Complaint.

**AS AND FOR PLAINTIFFS' FIFTEENTH CAUSE OF ACTION**

208.     Defendants refer to their responses to paragraph "1" through" "207" of the Complaint.

209.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "209" of the Complaint.

210.     Deny the allegations set forth in paragraph "210" of the Complaint.

211.     Deny the allegations set forth in paragraph "211" of the Complaint.

212.     Deny the allegations set forth in paragraph "212" of the Complaint.

**AS AND FOR PLAINTIFFS' SIXTEENTH CAUSE OF ACTION**

213.     Defendants refer to their responses to paragraphs "1" through "212" of the Complaint.

214.     Paragraph "214" of the Complaint constitutes a legal conclusion to which no response is required.

215.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "215" of the Complaint.

216.     Deny the allegations set forth in paragraph "216" of the Complaint.

## AS AND FOR PLAINTIFF'S SEVENTEENTH CAUSE OF ACTION

217.    Defendants refer to their responses to paragraphs "1" through "216" of the Complaint.

218.    Paragraph "218" of the Complaint constitutes a legal conclusion to which no response is required.

219.    Deny the allegations set forth in paragraph "219" of the Complaint.

220.    Deny the allegations set forth in paragraph "220" of the Complaint.

221.    Deny the allegations in paragraph "321" of the Complaint except admit that Plaintiff purports to seek the relief set forth therein.

## AS AND FOR A FIRST
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

222.    The Complaint fails to state a cause of action, either under Federal or State law, upon which relief can be granted against the answering Defendants.

## AS AND FOR A SECOND
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

223.    That the individual Defendants, SABRINA CANTORE, VINCENT RUSSO, DR. RANDIE BERGER, DR. MICHELE NATALI, and DAVID WEISS, enjoy qualified immunity with respect to those acts that are performed pursuant to their duties and responsibilities.

## AS AND FOR A THIRD
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

224.    That answering Defendants' conduct did not violate clearly established Constitutional or statutory rights of which a reasonable person would have known and Defendants had an objectively reasonable belief that their conduct did not violate Plaintiffs' rights.

## AS AND FOR A FOURTH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

225.    Answering Defendants did not act maliciously or with ill will toward the Plaintiffs.

20

## AS AND FOR A FIFTH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

226.   The answering defendants had no actual or constructive knowledge of the alleged acts of defendants Weitzman, Schneider and/or Lilley.

## AS AND FOR A SIXTH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

227.   The answering defendants did not make a deliberate decision to deprive the Plaintiffs of any rights.

## AS AND FOR A SEVENTH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

228.   That Plaintiffs' Constitutional rights were not violated pursuant to a policy, practice, patter or custom of the answering Defendants and Weitzman, Schneider and Lilley were not policymaking officials whose actions may be attributed to the answering Defendants.

## AS AND FOR AN EIGHTH
## SEPARATE AND COMPLETEAFFIRMATIVE DEFENSE

229.   The Plaintiffs have not exhausted their administrative remedies.

## AS AND FOR A NINTH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

230.   That answering Defendants at all times relative to Plaintiffs' Complaint fully complied with all provisions of the Constitution of the United States, the Constitution of the State of New York and all applicable laws, statutes, rules and regulations.

## AS AND FOR A TENTH
## SEPARATE AND COMPLETEAFFIRMATIVE DEFENSE

231.   Plaintiffs have failed to mitigate damages.

## AS AND FOR AN ELEVENTH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

232.   Plaintiffs' claims are barred in whole, or in part, by the statute of limitations, res judicata, collateral estoppel or a combination of all or any doctrine

## AS AND FOR A TWELFTH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

233.   That the plaintiffs' claims, and/or certain causes of action, are barred by the applicable statute of limitations.

## AS AND FOR A THIRTEENTH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

234.   Plaintiffs' injuries, if any, were not proximately caused by any acts or omissions of the answering defendants.

## AS AND FOR A FOURTEENTH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

235.   The answering defendants did not act with deliberate indifference or reckless disregard for any of the plaintiffs' protected rights.

## AS AND FOR A FIFTEENTH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

236.   The defendants at all times relative to the plaintiffs' Complaint fully complied with all provisions of the Constitution of the United States, the Constitution of the State of New York, Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act, and all applicable laws, statutes, rules and regulations.

## AS AND FOR A SIXTEENTH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

237.   The plaintiffs' conspiracy causes of action are barred by the intra-corporate conspiracy doctrine and, thus, fail to state a cause of action against the answering defendants.

## AS AND FOR A SEVENTEENTH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

238.   The answering defendants cannot be liable for "failure to intercede" or "neglect to act" because any of their alleged acts and/or omissions were not a "substantial factor" resulting in the deprivation of the plaintiffs' constitutional right and the answering individual defendants did

not display a mental state of deliberate indifference with respect to the plaintiffs' rights.

## AS AND FOR AN EIGHTEENTH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

239.    The answering defendants are not vicariously liable for any of the acts of defendants Weitzman, Schneider and/or Lilley.

## AS AND FOR A NINETEENTH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

240.    Upon information and belief, that whatever damages the Plaintiffs may have sustained at the time and place mentioned in the Complaint were caused in whole or in part by the culpable conduct of said Plaintiff.  The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to Plaintiff, bears to the culpable conduct which caused said damages.

## AS AND FOR A TWENTIETH
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

241.    If the injuries and damages were sustained by the Plaintiff at the time and place and in the manner alleged in the Complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of third parties, and if any damages are recoverable against the Defendants, the amount of such damages shall be diminished in the proportion that the culpable conduct attributable to third parties bears to the culpable conduct which caused the damages pursuant to CPLR §1601.

## AS AND FOR A TWENTY-FIRST
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

242.    Upon information and belief, Plaintiffs' economic loss, if any, as specified in §4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the answering Defendants are entitled to have the Court consider the same in determining such special damages as provided in §4545 of CPLR.

## AS AND FOR A TWENTY-SECOND
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

243.   That the plaintiffs are not entitled to punitive damages based on the fact that the

Complaint fails to plead any facts sufficient to warrant such relief.

## AS AND FOR A TWENTY-THIRD
## SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

244.   Plaintiffs' claim for punitive damages violates, and is therefore barred by the Fourth,

Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America on

grounds including the following:

(a)     It is a violation of the Due Process of Equal Protection Clauses of the Fourteenth
Amendment of the United States Constitution to impose punitive damages, which are penal in
nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than
the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedure pursuant to which punitive damages are awarded may result in the
award of joint and several judgments against multiple defendants for different alleged acts of
wrongdoing, which infringes the Due Process of Equal Protection Clause of the Fourteenth
Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a
reasonable limit on the amount of the award against defendant, which thereby violates the Due
Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide
specific standards for the amount of the award of punitive damages which thereby violates the Due
Process Clause of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the
imposition of different penalties for the same or similar acts, and thus violate the Equal Protection
Clause of the Fourteenth Amendment of the Unites States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the
imposition of punitive damages in excess of the maximum criminal fine for the same or similar
conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendment
and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)     The award of punitive damages to the plaintiff in this action would constitute a
deprivation of property without due process of law; and

(h)     The procedures pursuant to which punitive damages are awarded permit the
imposition of an excessive fine and penalty.

24

**AS AND FOR A TWENTY-FOURTH**
**SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

245.     Plaintiffs' claim for punitive damages violates, and is therefore barred by the following provision of the Constitution of the State of New York, N.Y. Const. Art. I, §5, N.Y. Const. art. I, §6, N.Y. Const. Art. I, §6 and N.Y. Const. Art. I, §12 on grounds including the following:

(a)     It is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of award of punitive damages;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

(g)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

(h)     The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of the law; and

(i)     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

**AS AND FOR A TWENTY-FIFTH**
**SEPARATE AND COMPLETE AFFIRMATIVEDEFENSE**

246.     The plaintiffs failed to satisfy certain conditions precedent before filing this action

against the answering defendants.

## AS AND FOR A TWENTY-SIXTH
## SEPARATE AND COMPLETE AFFIRMATIVEDEFENSE

247.    The answering defendants were not motivated by an intention to discriminate on the basis of impermissible considerations, to punish or inhibit the exercise of Constitutional rights, or by a malicious or bad faith intent to injure the plaintiffs.

## AS AND FOR A TWENTY-SEVENTH
## SEPARATE AND COMPLETE AFFIRMATIVEDEFENSE

248.    There is no individual liability pursuant to the Americans with Disabilities Act or § 504 of the Rehabilitation Act.

## AS AND FOR A TWENTY-EIGHTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

249.    The Defendants did not create a defective or dangerous condition upon the premises where the incident occurred; the Defendants had no actual or constructive notice of a dangerous or defective condition on the premises; the Defendants did not have a reasonable time within which to correct any such alleged condition, or warn others about its existence.

## AS AND FOR A TWENTY-NINTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

250.    Plaintiffs' damages were caused and brought about by an intervening and superseding cause and were not caused by the Defendants, or by a person or entity for whom Defendants are responsible.

## AS AND FOR A THIRTIETH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

251.    Defendants' liability, if any, to Plaintiffs is limited under Article 16 of the Civil Law & Rules of the State of New York.

## AS AND FOR A THIRTY-FIRST SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

252.    Upon information and belief, Plaintiffs' economic loss, if any, as specified in §
4545 of the CPLR, was, or will be, replaced or indemnified, in whole or in part, from collateral
sources, and the answering defendant is entitled to have the Court consider the same in determining
such special damages as provided in § 4545 of the CPLR.

## DEMAND FOR A JURY TRIAL

253.    Answering Defendants, LONG BEACH PUBLIC SCHOOLS, SABRINA
CANTORE, VINCENT RUSSO, DR. RANDIE BERGER, DR. MICHELE NATALI and DAVID
WEISS, demand a trial by jury as to any and all issues raised in the Complaint and this Answer
which are triable before a jury.  That by reason of this action, said answering defendants have been
and will be put to costs and expenses including attorney's fees.

**WHEREFORE**, answering defendants, LONG BEACH PUBLIC SCHOOLS, SABRINA
CANTORE, VINCENT RUSSO, DR. RANDIE BERGER, DR. MICHELE NATALI and DAVID
WEISS, demand judgment dismissing the Complaint herein, and costs, fees and disbursements
incurred in this action.

Dated:  White Plains, New York
        April 14, 2017

                                        Respectfully Submitted,

                                        **SILVERMAN & ASSOCIATES**

                        By:     _____
                                        Lewis R. Silverman
                                        Attorneys for Defendants,
                                        Long Beach Public Schools, Sabrina Cantore,
                                        Vincent Russo, Dr. Randie Berger, Dr. Michele
                                        Natali and David Weiss
                                        445 Hamilton Avenue, Suite #1102
                                        White Plains, New York 10601

TO:    LEEDS BROWN LAW, P.C.
        Jeffrey K. Brown, Esq.
        Jonathan C. Messina, Esq.
        Attorneys for Plaintiffs
        One Old Country Road, Suite 347
        Carle Place, NY 11514
        (516) 873-9550

        THE SULTZER LAW GROUP
        Jason P. Sultzer, Esq.
        Co-Counsel for Plaintiffs
        85 Civic center Plaza, Suite 104
        Poughkeepsie, NY 12601
        (845) 483-7100

        Congdon, Flaherty, O'Callaghan
        Reid, Donlon, Travis & Fishlinger
        Laura A. Endrizzi
        Attorneys for Defendants
        Lisa Weitzman, Jeanmarie Lilley,
        And Lauren Schneider
        333 Earle Ovington Blvd, Suite 502
        Uniondale, NY 11553
        (516) 542-5900